J-S50017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MARK ANDREW RIVERS, JR. :
:
Appellant : No. 9 WDA 2019

Appeal from the Judgment of Sentence Entered December 4, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005845-2010

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.: **FILED SEPTEMBER 30, 2019**

Mark Andrew Rivers, Jr. (Appellant) appeals from the judgment of sentence imposed following revocation of his probation. Upon review, we affirm.

On August 24, 2011, Appellant pled guilty to one count each of possession of a controlled substance with the intent to deliver, possession of a controlled substance, and possession of marijuana,[1] as well as two summary traffic offenses. Trial Court Opinion, 5/17/19, at 2. The trial court sentenced Appellant to an aggregate 2 to 4 years of incarceration, followed by 3 years of probation. Trial Court Order, 8/24/11, at 1.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30), (16), and (31), respectively.

On December 4, 2018, the trial court found Appellant to be "both a convicted and technical violator of the terms of his probation." Trial Court Opinion, 5/17/19, at 2. The trial court revoked Appellant's probation and resentenced him to an aggregate 2.5 to 6 years of incarceration. *Id.* In addition, the court ran Appellant's sentence consecutive to the sentence he received for new convictions at criminal docket number 7465-2017. *Id.*

Appellant filed a timely post-sentence motion, which the trial court denied on December 10, 2018. Thereafter, Appellant filed a timely notice of appeal. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents two issues for our review:

1. In revoking and re-sentencing [Appellant] to 2½-6 years' total statement [*sic*] confinement, whether the trial court abused its discretion by failing to consider the protection of the public, the gravity of the underlying offenses and violation, and the character, personal history, and rehabilitative needs of [Appellant], as required by 42 Pa.C.S.A. § 9721(b)?

2. In ordering [Appellant's] sentence of 2½-6 years' total state confinement at CC 201005845 to be served consecutively to his sentence of 3-6 years' incarceration at CC 201707465, whether the trial court abused its discretion by imposing an unduly excessive sentence, particularly when the requirements of 42 Pa.C.S.A. § 9721(b) were not met?

Appellant's Brief at 5.

Preliminarily, we note that Appellant's brief fails to conform with Pa.R.A.P. 2119(a), which requires the argument section of an appellate brief to "be divided into as many parts as there are questions to be argued[.]" *Id.*;

*see* Appellant's Brief at 23 n.4 ("[B]ecause [Appellant's] two discretionary-aspect-of-sentencing claims are substantially intertwined, they will be argued together in this brief for [A]ppellant[.]").  However, Appellant's error does not impair our ability to review his issues.  ***See Commonwealth v. Johnson***, 985 A.2d 915 (Pa. Super. 2009); ***see also LSI Title Agency, Inc. v. Evaluation Services, Inc.***, 951 A.2d 384 (Pa. Super. 2008).  Further, we agree that Appellant's sentencing claims are "substantially intertwined," and therefore we address them together.

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence."  ***Id.***  We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted).  "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process."

*Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

Appellant has complied with the first three prongs of this test by raising his discretionary sentencing claims in a timely post-sentence motion, filing a timely notice of appeal, and including in his brief a Rule 2119(f) concise statement. **See** Appellant's Brief at 15-22. Therefore, we examine whether Appellant has presented substantial questions.

The Commonwealth argues that Appellant has failed to present a substantial question. Commonwealth Brief at 5-9. We agree that Appellant's second claim, in which he avers that the trial court erred in imposing his revocation sentence consecutive to his new sentence at docket number 7465-2017, does not raise a substantial question. **See Commonwealth v. Radecki**, 180 A.3d 441, 469 (Pa. Super. 2018) ("[A] claim that a sentence is excessive due to it[s] consecutive nature generally does not raise a substantial question for purposes of Section 9781(b) of the Sentencing Code.").

However, in his first claim, Appellant asserts that the trial court failed to consider the factors delineated in 42 Pa.C.S.A. § 9721(b). **See** Appellant's Brief at 15-22. This claim raises a substantial question. **Commonwealth v. Derry**, 150 A.3d 987, 995 (Pa. Super. 2016) ("[An appellant] presents a substantial question for our review . . . to the extent that he challenges the sentencing court's failure to consider Section 9721(b) factors.") (citation omitted).

We review Appellant's claim mindful of the following:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment — a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1283-84 (Pa. Super. 2012) (citations omitted). "Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Id.* at 1286-87 (citation omitted).

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. 9771(c).

*Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa. Super. 2015) (footnote omitted).

Section 9721(b) provides:

In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court

at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b). We have explained:

> The [trial] court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b). However, the record as a whole must reflect due consideration by the court of the statutory considerations enunciated in that section.

*Commonwealth v. Coulverson*, 34 A.3d 135, 145-46 (Pa. Super. 2011) (citations omitted). In addition, "[w]hen a sentencing court has reviewed a pre[-]sentence investigation report, we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence." *Baker*, 72 A.3d at 663 (citing *Commonwealth v. Fowler*, 893 A.2d 758, 767 (Pa. Super. 2006)).

> In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. 42 Pa.C.S.A. § 9721(b). The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.

*Fowler*, 893 A.2d at 767-68 (citing *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004)) (citations omitted) (emphasis added).

Here, the trial court noted on the record that it had reviewed both an original and updated pre-sentence investigation report. N.T., 12/4/18, at 2. In its opinion, the court recognized the law and explained its reasoning:

When imposing a sentence, this [c]ourt is required to consider, among other things, the protection of the public, the gravity of the offense in relation to the impact on the victims and community and the rehabilitative needs of the defendant. 42 Pa.C.S. § 9721(b). Appellant's mere unhappiness with his sentence does not constitute grounds for relief. . . .

This [c]ourt considered these statutory factors in sentencing Appellant, and was aided in doing so by having the benefit of an original and an updated Pre-Sentence Investigation Report ("PSI"). . . .

In sentencing Appellant, this [c]ourt considered, in addition to the Pre-Sentence Report, the fact that Appellant reoffended and chose not to avail himself of treatment or supervision in the community. Initially, in order to allow Appellant an opportunity to avail himself of the State Boot Camp Program, this [c]ourt gave Appellant a below the mitigated range sentence of two to four years with a recommendation for boot camp, and consecutive probation. This [c]ourt imposed the original sentence despite Appellant's status as an RFEL, with a Prior Record Score of five, the maximum possible score possible. Since that sentence, Appellant has had three new convictions, the most recent being a violent home invasion burglary and robbery. Appellant's criminal behavior has escalated from stealing a purse and fleeing from the police to planning and executing a home invasion burglary with his wife. Appellant has demonstrated that he is not willing or able to follow the reasonable rules of society. Therefore, this [c]ourt did not err in imposing a sentence of 2.5 to 6 years of incarceration.

Next, Appellant asserts that this Court abused its discretion in imposing a sentence consecutive to the sentence imposed at CP-02-CR-7465-2017, resulting in an unduly excessive sentence. . . . The aggregation of the two sentences imposed by this [c]ourt reflects both the serious nature of the offense involved as well as the separate victims of those offenses and Appellant's failure to comply with community supervision conditions. Moreover, the two crimes are entirely separate offenses, and Appellant is not

entitled to a volume discount at sentencing. ***Commonwealth v. Belsar***, 676 A.2d 632, 634 (Pa. 1996).

Trial Court Opinion, 5/17/19, at 5-6 (some citations omitted).

Based on our review of the record, we discern no error. In addition to reviewing Appellant's pre-sentence investigation reports, the trial court, at the sentencing, noted Appellant's repeated probation violations, his multiple criminal convictions since his original sentencing, the severity of the behavior attendant to his new criminal convictions, and the escalating nature of the behavior. N.T., 12/4/18, at 4, 6, 10-11, 13. Also, while Appellant argues that he received an "excessive" sentence, the trial court imposed a mitigated-range sentence. ***Id.*** at 18 ("That is still a mitigated range sentence, even in light of everything else."). Ultimately, and in its discretion, the trial court ran Appellant's sentence consecutive to the sentence he received for the more recent convictions at 7465-2017. ***See Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2014) ("We have stated that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court.") (citations omitted). In sum, the record reflects that the trial court did not abuse its discretion in imposing Appellant's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/30/2019